IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN ORTIZ | § | |
| *Plaintiff*, | § § § | |
| vs. | § § | NO: SA:20-CV-01187-DAE |
| MDO, INC. and JOHN MORENO | § § § | |
| *Defendants*. | § § | |

## DEFENDANTS' FIRST AMENDED ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME the Defendants MDO, INC. and JOHN MORENO (hereinafter collectively referred to as "Defendants" or individually by name) and reserving the right to file other and further pleadings, exceptions and denials, file this their First Amended Answer to Plaintiff's Original Petition previously filed herein, and in support thereof would show unto the Court as follows:

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 2, inclusive of Plaintiff's Original Petition.

2.  Defendants admit the allegations contained in paragraph 3 of Plaintiff's Original Petition.

3.  Defendants admit that John Moreno was formerly a resident of California and resided at the address identified in paragraph 4 of Plaintiff's Original Petition. However, Defendant Moreno is now deceased. *See* Doc. 14, Defendant's Suggestion of Death.

4.  Paragraphs 5 and 6 of Plaintiff's Original Petition are simply statements of jurisdiction and venue to which no responsive pleading is required.

5. Defendants admit that on or about June 18, 2019, Defendant Moreno was operating a White 2009 Freightliner, in the course and scope of his employment with Defendant MDO, Inc., and was involved in a collision with Plaintiff Ortiz who was operating a 2002 Silver F150. Defendants deny all other allegations contained in paragraphs 7 and 8, inclusive, of Plaintiff's Original Petition.

6. Defendants deny the allegations contained in paragraphs 9 through 13, inclusive, of Plaintiff's Original Petition.

7. Defendants deny the allegations contained in paragraphs 14 through 18, inclusive, of Plaintiff's Original Petition.

8. Defendants deny the allegations contained in paragraphs 19 and 20, inclusive, of Plaintiff's Original Petition.

9. Defendants deny Plaintiff is entitled to the relief requested in paragraph 21 of Plaintiff's Original Petition.

10. Defendants deny Plaintiff is entitled to any of the relief requested in the Prayer to Plaintiff's Original Petition.

11. Defendants deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition not specifically admitted herein above.

## JURY DEMAND

12. Defendants respectfully demand a trial by jury.

## AFFIRMATIVE DEFENSES

13. By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Defendants plead, if same be necessary, that the accident forming the basis of this lawsuit and any damages claimed therefrom was the result of the conduct, be it negligence of

otherwise, of other parties, persons and/or third parties over whom these Defendants had no control.

14. By way of affirmative defense, and without waiving any other defenses, exceptions or denials, Defendants assert the contributory negligence of Plaintiff Ortiz and would show unto the court that the proximate cause of the incident and damages, if any, made the basis of this lawsuit, was the negligent acts of Plaintiff Ortiz on the date in question.

15. By way of affirmative defense, and without waiving any other defenses, exceptions or denials, Defendants would show that the disabilities and/or injuries, if any, which the Plaintiff now has, are the result of the Plaintiff's own actions, inactions, or negligence on the date of the incident. Plaintiff's actions or inactions were the sole proximate cause, or contributed to proximately cause, the incident in question and/or Plaintiff's alleged damages.

16. By way of affirmative defense, and without waiving any other defenses, exceptions or denials, Defendants state that the Plaintiff may have been suffering from preexisting physical or mental conditions totally disassociated with the allegations upon which this lawsuit is predicated, which were the sole or partial cause of any mental or physical pain or suffering undergone by Plaintiff.

17. By way of affirmative defense, and without waiving any other defenses, exceptions or denials, Defendants deny that Plaintiff is entitled to recover actual damages, special damages, compensatory damages, or punitive damages.

18. By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Defendants plead, if same be necessary, that Plaintiff has failed to mitigate his damages.

19. By way of affirmative defense, and without waiving any other defenses, denials or

exceptions, Defendants plead, if same be necessary, that the recovery of medical expenses, if any, by the Plaintiff is limited to that amount both reasonable and necessary and that was actually paid and incurred by or on behalf of the Plaintiff. Tex. Civ. Prac. & Rem. Code §41.0105.

20. By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Defendants plead, if same be necessary, that any damages sought to be recovered and/or awarded in this suit for loss of earnings, loss of earning capacity or loss of contributions of a pecuniary value should be presented as evidence in the form of that required under Texas Civil Practice & Remedies Code §18.091. Specifically, evidence to prove the loss, if any, must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. See Tex. Civ. Prac. & Rem. Code §18.091.

21. By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Defendants plead, if same be necessary, that they are entitled to a settlement credit or offset for the amount of money paid by or on behalf of any other party or person made to resolve the claims that were, or could have been, asserted against them by the Plaintiff pursuant to the Texas Civil Practices & Remedies Code, Section 33.012.

22. By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Defendants plead, if same be necessary, that an assessment and award of pre-judgment interest is violative of the 8th Amendment of the United States Constitution and the 14th Amendment of the United States Constitution in that such award potentially constitutes an excessive fine imposed without the protection of fundamental due process. Accordingly, Defendants invoke their rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and respectfully request that this Court disallow the award of pre-judgment interest for the following reasons:

    A. Any award by a jury is to be made in an amount of money assessed at the time of trial and is to be paid in dollars to be awarded at the time of trial. As such, the jury has already factored into its deliberations the change in the value of money from the time of this event until the time of trial.

    B. In awarding pre-judgment interest, Plaintiff would be granted double any prejudgment increase in the value of his case in that since a jury has already taken into consideration the time value of money, pre-judgment interest on top of the jury's verdict would be an award amounting to double recovery.

    C. If pre-judgment interest is to be assessed, it should be assessed on a jury verdict rendered at the time of the injury in this case, and not the verdict rendered as of the date of the trial of this case. To do otherwise would be duplicitous award.

    23.    By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Plaintiff's claims for punitive damages against Defendants cannot be sustained to the extent such are not subject to a fact-specific, reasonable limit. Such might consist of a reasonable maximum multiple of compensatory damages or a fixed, reasonable maximum amount, but it must be based only on the specific facts of this case and each Defendant's own acts and omissions, if any, related thereto. Any award of punitive damages which does not bear a reasonable relationship to the specific facts of this case, and which is not limited in specific relation to those facts of each Defendant's own acts and omissions, if any, would violate that Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

    24.    By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Defendants state any award of punitive damages based on anything other than each Defendant's own conduct as alleged in Plaintiff's pleadings upon which Plaintiff goes to trial would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the due process provisions of the Texas Constitution because any other basis for awarding punitive damages in this case would not protect each Defendant against impermissible multiple punishment, and could result in an unjust windfall to Plaintiff.

25. By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Defendants state Plaintiff's claims for punitive damages against Defendants cannot be sustained because under present Federal law, when considering an award of punitive damages, a jury is (1) not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of the punitive damages award; (2) not adequately instructed on the limits of punitive damages imposed by applicable standards of deterrence and punishment; (3) not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, occupation, wealth and status of each Defendant; (4) permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) not subject to sufficient trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any award of punitive damages under the current state of law and Plaintiff's pleadings, thus, would violate each Defendant's rights guaranteed by the Fourteenth Amendment to the United States Constitution.

26. Defendants hereby move the Court to order a bifurcated trial of the claim for the actual and punitive damages asserted against Defendants.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants MDO. INC. and JOHN MORENO pray that Plaintiff take nothing by this suit and that Defendants be discharged with their costs, and for such other and further relief, both general and special, at law or in equity, to which Defendants may be entitled.

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

BY: _/s/ Michael D. Fox_____
SCOTT P. JONES
State Bar No. 10955500
Email: sjones@brock.law
CELIA E. GUERRA
State Bar No. 24069756
Email: cguerra@brock.law

**ATTORNEY FOR DEFENDANTS**
**MDO, INC. and JOHN MORENO**

## CERTIFICATE OF SERVICE

I do hereby certify that on the 20th day of September 2021, I electronically filed *Defendants' First Amended Answer* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James Baskin
Thomas J. Henry Law, PLLC
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78269

Fax No. 877/513-1359
Email: jbaskin-svc@thomasjhenrylaw.com

_/s/ Michael D. Fox_____
SCOTT P. JONES
CELIA E. GUERRA